McKinney, J.
delivered the opinion of the court.
The bill of indictment in this case, contains six counts: the four first counts, charge, that the plaintiff in error, passed to one Peter Bagwell, certain forged and counterfeit bank notes; and use in all respects similar, except that the notes set out and alleged to have been passed, are different. There is no averment in either of said counts, of an intent to defraud the person, to whom the notes were passed, or other individual.
The fifth count charges, the passing of the notes mentioned in the preceding counts, but does not set them out. The sixth count is for fraudulently keeping in possession and concealing certain counterfeit bank notes, but also, omits to set out the tenor or substance thereof.
On the trial, a general verdict was rendered, finding the defendant guilty on all the counts of the indictment. A new tidal was moved for and refused, and judgment was rendered against the defendant below, that he be confined in the jail and penitentiary house of this state, for the term of three *100 years, from which judgment he appeals in error to this court. The judgment is alleged to be erroneous on several grounds:
1st. It is argued, that the indictment is essentially defective in all the counts thereof. The objection to the first four counts is, that in neither of them is there contained, any averment of an intent on the part of the plaintiff in error, to defraud the person to whom-the notes are alleged to have been passed, or other person.
We think this objection is well taken*
The words of the 31st section of the penal code, on which those counts are framed, are, “no person shall fraudulently buy, pay or tender in payment, pass or offer to pass” &c. These words necessarily imply an intent to defraud; without such in-* tent, the act would not be fraudulent. It constitutes a mate* rial and substantive part of the offence intended to be created/ and must, therefore, be averred in the indictment. 1 Ch. Crim. L. 233, 245; 2 Rus. on crimes, 372.
It is not sufficient to charge this offence in the general word:, of the 31st section — if so, the averment of a scienter would no be necessary in the indictment, because, this section does no in terms, require it.
But, we think the latter clause of the 74th section, in express terms, makes such an averment necessary. After making certain exceptions, it provides, that “in all other indictment! for offences under this act, where, from the nature of tin -, offence, a fraud upon the public was intended, but no particu • lar person was intended to be defrauded, it shall be sufficien to charge the offence in the words of the act — without aver-ing or proving that any individual was intended to be defrauded.”
The offence contemplated in the 31st section, necessarily implies an intention to defraud the person to whom the notes aré passed, and consequently such intention must be alleged.
*101 In the case of the State vs. Fergus, 6 Yerg., 345; which was an indictment on the 32d section of the act, for fraudulently keeping in possession a counterfeit bank bill, it was held by this court, that the indictment was defective in not charging that the counterfeit bill was kept with the intent to impose it on the community as genuine, that such intent constituted a material part of the offence.
In that case, it was argued, that such averment was unnecessary, because of the provision in the 73d section, that “in all prosecutions for offences under this act, where the fraudulent possession, or concealment of the thing, constitutes the offence, it shall be sufficient to allege in the indictment, that the party charged, fraudulently possessed of concealed such thing, without charging and proving that any particular person, corporation or company was intended to be defrauded.”
But the court held, that “the intent to commit a fraud by passing the counterfeit notes, must still be charged, though it may be charged generally without specifying any particular person, corporation or company intended to be defrauded.” The principle of that case applies with much more force to an indictment in the 31st section.
It is argued, that the fifth and sixth counts are bad, because, the counterfeit notes, alleged in one of said counts to have been fraudulently passed, and in the other, to have been fraudulently kept and concealed, are not set out.* All the authorities agree, that it is essentially necessary in an indictment for forgery, that the forged instrument should be set forth in words and figures, if in existence, and within the control of the prosecutor. But, in the case of the Commonwealth vs. Hampton, (8 Mas. R., 107.) it is held, and wo think, correctly, that there are exceptions to this rule. As when the instrument has been destroyed by the person, or has remained in his possession, and perhaps in other cases, where the instru *102 ment cannot be produced. But, in every such case, that the exception may be admitted, it must be stated in the indictment.” See also, 2 Cow. R., 522.
We are of opinion, therefoi’e, that the plaintiff in error? cannot be convicted in either count ,of this indictment.
But, it is contended, furthermore, that the proof in this case, does not support the charge on theindictment, were the counts free from exception — that a sale of counterfeit bank notes is not a “passing” within the meaning of the 31st section of the act; and that upon this point, the jury were erroneously instructed. His honor stated, “that if the jury found from the evidence, that the person sold the notes to Bagwell for money or other valuable consideration in exchange therefor, this would constitute a passing, and the offence would be made out.” This charge, we think, is erroneous.
That the facts proved, make a case falling within the 32d section of the act, for fraudulently keeping counterfeit bank notes, we think very clear. And, but for the objection already stated to the sixth count of the indictment, which is framed in this section, the plaintiff in error, would have been properly convicted thereon.
But, we hold it to be equally clear, that the facts of this case, do not constitute a “passing” of the notes within the meaning of the 31st section. It does not contemplate a sale of spurious notes, as such, to one who takes them with knowledge of their true character; for in such case, the person receiving the notes as spurious could not be defrauded. Nor, could the intent to defraud be imputed to the person selling. —To make out a fraudulent passing of the counterfeit resemblance of bank notes, bills, &c. under this section, it must appear, that the person with knowledge of their true character, delivered them as good and genuine bank notes, bills &c., with intent to defraud the person to whom they would so delivered.
*103 Other errors have been assigned, which need not now be considered as the judgment must be reversed for the reason already stated.